UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MAVERICK KENDRICK,

                Plaintiff,

    -against-

GREENBURGH HOUSING AUTHORITY
and GREENBURGH TOWN HALL CLERKS
OFFICE,

                Defendants.

------------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**

07 Civ. 5859 (JSR) (FM)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/09
```

**FRANK MAAS,** United States Magistrate Judge.

    Although this pro se case was filed in mid-2007, issue was not joined until February 2009, and the parties first appeared for an in-court conference on March 27, 2009. By then, the case had twice been dismissed sua sponte for failure to state a claim. The second such order was appealed to the Second Circuit, which reversed and remanded for further proceedings regarding plaintiff Maverick Kendrick's Fair Housing Act and familial status discrimination claims.

    In his now-reinstated amended complaint, Mr. Kendrick alleges that he was evicted from public housing in Greenburgh, New York, for failure to pay his rent, without being afforded an opportunity to be heard. Mr. Kendrick further alleges that the eviction took place after he had made certain complaints about discrimination, retaliation, and harassment. Mr. Kendrick contends that he suffered a nervous breakdown as a result of the eviction. In the amended complaint, he names as defendants the Greenburgh Housing Authority and the Greenburgh Town Hall Clerks Office.[1]

---

[1] In the text of his complaint, Mr. Kendrick describes the second defendant somewhat differently, as the "Justice Court Clerk Office of the Town of Greenburgh." (Compl. at 2).

When the parties appeared before me on March 27 for an initial pretrial conference, defense counsel asked that the case be transferred to White Plains because all of the parties work or reside in Westchester County and because all of the claims arise out of actions taken by the defendants there. Mr. Kendrick, himself a Yonkers resident, opposed that application, stating that he has in the past had unfavorable experiences with the Greenburgh courts.

If this case is eventually tried, many, if not all, of the witnesses would be inconvenienced by having to travel to lower Manhattan. This suggests that the proper forum is White Plains. Indeed, the only factor suggesting otherwise is Mr. Kendrick's concern that he might not receive fair treatment there. Whatever Mr. Kendrick's experience may has been in Greenburgh, however, there is no reason to believe that a federal judge in White Plains could not be as fair and impartial in this matter as one who sits in Manhattan. (Indeed, many of the judges who work in the Manhattan courthouse live in Westchester.) There also is no reason to believe that an unbiased jury could not be selected from a panel drawn from the northern counties of this District. Even if this case were retained in Manhattan, it is likely that many of the jurors selected for trial would be from Westchester and possibly other northern counties.

It also bears mention that, despite the issuance of two sua sponte dismissal orders, no district judge in the Manhattan courthouse has devoted substantial time to this case. In particular, Judge Rakoff, to whom the case is assigned, has had little, if any, involvement. Similarly, although I held one conference and set an initial discovery schedule, my own time investment in the case has been limited. There consequently is no compelling reason to keep this case in Manhattan. Compare Ginsberg v. Valhalla Anesthesia Assocs., 171 F.R.D. 159 (S.D.N.Y. 1997) (declining to transfer action to White Plains after the court held a pretrial conference, set a schedule, ruled on several issues, and fixed a trial date).

Rule 22 of the Rules for the Division of Business Among District Judges in the Southern District of New York provides that a judge to whom a case is assigned may reassign it to another courthouse in the interest of justice or sound judicial administration. As noted, no judge in Manhattan has had more than fleeting contact with this case (such as signing sua sponte orders of dismissal). Moreover, it is in the interest of justice and sound judicial administration to have the case overseen in the county where the alleged wrongdoing occurred and where all of the parties and witnesses are located.

Accordingly, the Clerk of the Court is directed to reassign this case to the White Plains courthouse.[2] Additionally, the follow-up telephone conference that I scheduled for October 14, 2009, is cancelled. The transferee judge in White Plains obviously will determine whether to adopt the pretrial discovery schedule that I previously set or make changes.

SO ORDERED.

Dated:   New York, New York
April 14, 2009

   _____
   FRANK MAAS
   United States Magistrate Judge

Copies to:

Hon. Jed S. Rakoff
United States District Judge

Maverick Kendrick
280 Riverdale Avenue, Apt. #4N
Yonkers, New York 10705
[By First Class and Certified Mail]

Martin S. Tackel, Esq.
Tackel & Varachi LLP
Fax: (914) 997-2021

Timothy W. Lewis, Esq.
Town of Greenburgh, Office of Town Attorneys
Fax: (914) 993-1656

---

[2] Before deciding to transfer this case, I conferred with Judge Rakoff, who agrees that there is no reason to keep it in Manhattan.